United States Court of Appeals
Fifth Circuit

**F I L E D**

November 4, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-40012
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD WYRICK,

Defendant-Appellant.

**Appeal from the United States District Court
for the Eastern District of Texas
(4:03-CR-194-ALL)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Richard Wyrick appeals his conviction of deprivation of rights under color of law, in violation of 18 U.S.C. § 242. Claiming the evidence was insufficient to show that he acted "willfully", he challenges the testimony of the two eyewitnesses.

Wyrick moved for judgment of acquittal at the close of the Government's case and at the close of his case. Following the Government's presenting rebuttal testimony, however, Wyrick did not renew his motion for judgment of acquittal at the close of all

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence. Nor did he do so in a post-judgment motion. Consequently, we review his conviction to determine only whether it resulted in a manifest miscarriage of justice. *See United States v. Green*, 293 F.3d 886, 895 (5th Cir.), *cert. denied*, 537 U.S. 965 (2002) (holding where defendant failed to renew his motion for judgment of acquittal at the close of all evidence, review is for a manifest miscarriage of justice, which is found if the record is devoid of evidence pointing to guilt); *cf. United States v. Bell*, 623 F.2d 1132, 1134 n.2 (5th Cir. 1980).

The record supports a finding that, while on duty as a police officer, Wyrick unnecessarily punched James Murray in the face because Wyrick was angry. Thus, the record is not devoid of evidence Wyrick acted in open defiance or in reckless disregard of Murray's right to be free from the use of excessive force. *See United States v. Brugman*, 364 F.3d 613, 616 (5th Cir.), *cert. denied*, 125 S. Ct. 212 (2004); *United States v. Avants*, 367 F.3d 433, 449 (5th Cir. 2004). Wyrick's challenges to the eyewitness testimony go to the weight afforded that testimony and the credibility of those witnesses. These matters are "solely within the province of the jury", and its determination will not be reversed on appeal. *See United States v. Sanchez*, 961 F.2d 1169, 1173 (5th Cir.), *cert. denied*, 506 U.S. 918 (1992).

*AFFIRMED*

2